FILE COPY



# Fourth Court of Appeals
## San Antonio, Texas

October 21, 2020

No. 04-20-00501-CR

Kevin Arick **O'DELL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CR-19-0000144
Honorable M. Rex Emerson, Judge Presiding

# O R D E R

On February 12, 2020, the trial court signed an order of deferred adjudication, pursuant to a plea bargain. On September 28, 2020, appellant filed with the trial court clerk a request for forms to appeal the order of deferred adjudication. A copy of appellant's request for forms was filed with our court and docketed as a notice of appeal.

Appellant filed his request for forms well after the prescribed time limit for perfecting an appeal. *See* TEX. R. APP. P. 26.1; *see also* R. 26.3 (providing for a fifteen-day grace period). "[O]nce the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). Accordingly, appellant is ORDERED to show cause in writing **within fourteen (14) days** from the date of this order why this appeal should not be dismissed for lack of jurisdiction.

In addition, the trial court's certification in this appeal states that this criminal case, "is a plea-bargain case, and the defendant has NO right of appeal." Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d). It is therefore ORDERED that this appeal will be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless appellant causes an amended trial court certification to be filed **within thirty (30) days** from the date of this order, showing appellant has the right of appeal. *See* TEX. R. APP. P. 25.2(d); 37.1; *see also Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*,110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.).

All other appellate deadlines are SUSPENDED pending further order of this court.

_____
Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 21st day of October, 2020.

_____
MICHAEL A. CRUZ, Clerk of Court